U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 7 2016

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL RENEE HERNANDEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-001-A |
| | § | (NO. 4:07-CR-150-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of movant, Michael Renee Hernandez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed such motion, the record in Case No. 4:07-CR-150-A, the record in movant's previously filed § 2255 motion (Case No. 4:14-CV-415-A), and pertinent legal authorities, the court concludes that such motion should be dismissed.

I.

Background

On March 28, 2008, the court sentenced movant to a term of imprisonment of 188 months, to be followed by a five-year term of supervised release. Movant did not appeal, and his conviction

became final on April 7, 2008.[1] Movant filed a motion pursuant to § 2255 on June 4, 2014. That motion was dismissed by order and final judgment issued June 10, 2014. The ground for the dismissal was that the motion was time-barred by the provisions of 28 U.S.C. § 2255(f). Movant sought to appeal from such dismissal, but by order issued by the United States Court of Appeals for the Fifth Circuit on December 8, 2014, the Fifth Circuit denied movant's certificate of appealability to appeal this court's dismissal of his § 2255 motion.

II.

Analysis

A. Second or Successive Motion

A second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Movant does not allege that he has sought or obtained the required relief. The savings clause of § 2255 "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time

---

[1] At the time movant was sentenced, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure required a notice of appeal to be filed within ten days after entry of the judgment of conviction and sentence.

2

when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

B. Movant's § 2255 Motion is a Second or Successive Motion

Apparently recognizing the potential that his motion would be considered a second or successive motion as well as untimely, movant argues that the recent Supreme Court decision of Johnson v. United States, 135 S. Ct. 2551 (2015), applies to his request for collateral review and that his motion therefore is timely and is not second or successive.[2]

The Supreme Court did not state whether Johnson would apply retroactively. See 135 S. Ct. 2551. However, the Fifth Circuit has held that Johnson does not apply retroactively. In re Williams, 806 F.3d 322, 325 (5th Cir. 2015). Accordingly, movant is unable to raise an argument under Johnson. Thus, his motion is second or successive as well as being untimely.

---

[2]Johnson held that an increased sentence under the Armed Career Criminal Act's ("ACCA") residual clause violates due process of law. Johnson v. United States, 135 S. Ct., 2551, 2554-55. The court has not been required to study the issue as to whether ACCA's residual clause had a role in defendant's sentencing.

3

III.

Order

Therefore,

The court ORDERS that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and is hereby, dismissed.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 7, 2016.

_____
JOHN McBRYDE
United States District Judge